Lawrence H. Meuers (LM3461)
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL  34109
239-513-9191
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEW YORK APPLE SALES, INC. AND WAIPOPO ORCHARDS LTD.,**<br><br>          **Plaintiffs,**<br><br>     vs.<br><br>**A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE,**<br><br>          **Defendant.** | CASE NO. 1:16-CV-03219-XXX<br><br>**COMPLAINT** |

Plaintiffs, New York Apple Sales, Inc. and Waipopo Orchards Ltd., in support of their Complaint against Defendant, A.P. Moller-Maersk a/s d/b/a Maersk Line allege as follows:

## JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The District Court has jurisdiction over this action under 28 U.S.C. §1333 and the provisions contained in the Maersk Line bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading be presented in this District.

## PARTIES

2.     Plaintiff, New York Apple Sales, Inc. is a New York corporation with its principal place of business located at 17 Languish Place, Glenmont, NY  12077 ("New York Apple"), and is the consignee of five shipments of fresh apples, as more specifically described below.

3. Plaintiff, Waipopo Orchards Ltd. is a New Zealand company with an office and place of business located at 89 Connolly Road, RD3, Timaru 4153, New Zealand ("Waipopo Orchards," and together with New York Apple, the "Plaintiffs"), and is the owner and consignor of three shipments of fresh apples, as more specifically described below.

4. Defendant, A.P. Moller-Maersk a/s d/b/a Maersk Line is a corporation with an office and place of business located at 180 Park Avenue, Building 105, Florham Park, New Jersey 07932 ("Maersk") and at all relevant times was, and is still, doing business within the jurisdiction of this court.

5. Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the consignments, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

**FIRST CAUSE OF ACTION**
**(Claim #12-445)**

6. On or about April 1, 2015, a consignment consisting of 60 packages of fresh Honeycrisp apples, then being in good order and condition, was laden into refrigerated container SUDU8181619 and was delivered to Maersk or its agents at the Port of Chalmers, New Zealand, for transportation to the Port of Philadelphia, Pennsylvania, in consideration of an agreed upon freight, and in consideration of Maersk maintaining a supply air temperature of 2˚C (approximately 35.6˚ F), at all times, all pursuant to bill of lading SUDU45DUDAA07321.

7. Container SUDU8181619 was loaded aboard the M/V Brani V., voyage 507N, and departed the Port of Chalmers, New Zealand.

8. On or about April 29, 2015, the container was discharged from the M/V Brani and delivered to the designated receiver.

9. Upon delivery, it was discovered that the apples had sustained physical damage, due to the temperature abuse, which is indicative of Maersk's failure to maintain proper temperatures and proper controlled atmosphere conditions within the container during the voyage.

10. The temperature recorder printouts from the container are as follows:

Serial #2741413545 – stowed near the container doors: Temperatures begin around 37.2° F and increase to mostly around 39 to 41° F during transit. Temperatures are around 38° F at the time of delivery.

Serial #2741413546 – stowed near the nose of the container: Temperatures are mostly around 2 to 2.5° C, 35.6 to 36.5° F.

11. As a result of Maersk's failure to maintain proper temperatures within the container during the voyage, the apples (cargo) were found to have sustained physical damage and were unable to be sold at market value.

12. The damage to the apples (cargo) was not the result of any act or omission of Plaintiff, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation, and bailment on the part of Maersk or its agents.

13. At all relevant times a contract of insurance for property damage was in effect between Plaintiffs and Gründemann & Wilde Versicherungsmakler Marine-Insurance-Consulting GmbH, as agent for Carl Schröter GmbH & Co., which provided coverage for, among other things, loss or damage to the consignment.

14. Under the contract of insurance, monies have been expended on behalf of Plaintiffs, to their detriment, due to the damages sustained during transit.

15. Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although demanded, which are estimated to be at least $73,508.13, exclusive of interest, costs, and attorneys' fees.

16. Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $73,508.13, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

16. Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $73,508.13, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
### (Claim #12-446)

17. On or about March 19, 2015, a consignment consisting of 39 export bins, 114 retail cartons, and 280 Z cartons of fresh Honeycrisp apples, then being in good order and condition, was laden into refrigerated container CXRU1331821 and was delivered to Maersk or its agents at the Port of Timaru, New Zealand, for transportation to the Port of Philadelphia, Pennsylvania in consideration of an agreed upon freight, and in consideration of Maersk maintaining a supply air temperature of 2°C (approximately 35.6° F), at all times, all pursuant to bill of lading MSCUZ7347637.

18. Container CXRU1331821 was loaded aboard the Maria-Katharina S, and then transloaded aboard the M/V Brani V., voyage 507N, and departed the Port of Timaru, New Zealand.

19. On or about April 29, 2015, the container was discharged from the M/V Brani and delivered to the designated receiver.

20. Upon delivery, it was discovered that the apples had sustained physical damage, due to the temperature abuse, which is indicative of Maersk's failure to maintain proper temperatures and proper controlled atmosphere conditions within the container during the voyage.

21. The temperature recorder printouts from the container are as follows:

Serial #2741413520 – stowed near the nose of the container: Temperatures fluctuate throughout transit ranging mostly around 33.6˚ F to 39˚ F.

Serial #271413521 – stowed near the container doors: Temperatures fluctuate throughout transit ranging mostly around 36.5˚ F to 41.4˚ F.

22. As a result of Maersk's failure to maintain proper temperatures within the container during the voyage, the apples (cargo) were found to have sustained physical damage and were unable to be sold at market value.

23. The damage to the apples (cargo) was not the result of any act or omission of Plaintiff, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation, and bailment on the part of Maersk or its agents.

24. At all relevant times a contract of insurance for property damage was in effect between Plaintiffs and Gründemann & Wilde Versicherungsmakler Marine-Insurance-Consulting GmbH, as agent for Carl Schröter GmbH & Co., which provided coverage for, among other things, loss or damage to the consignment.

25. Under the contract of insurance, monies have been expended on behalf of Plaintiffs, to their detriment, due to the damages sustained during transit.

26. Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although demanded, which are estimated to be at least $63,361.54, exclusive of interest, costs, and attorneys' fees.

27. Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $63,361.54, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

## THIRD CAUSE OF ACTION
### (Claim #12-512)

28. On or about March 30, 2015, a consignment consisting of 60 packages of fresh Honeycrisp apples, then being in good order and condition, was laden into refrigerated container MWCU6873553 and was delivered to Maersk or its agents at the Port of Napier, New Zealand, for transportation to the Port of Philadelphia, Pennsylvania, in consideration of an agreed upon freight, and in consideration of Maersk maintaining a supply air temperature of 2°C (approximately 35.6° F), at all times, all pursuant to bill of lading MAEU953373021.

29. Container MWCU6873553 was loaded aboard the Jeppesen Maersk V., voyage 514N, and then transloaded aboard the Spirit of Singapore V., voyage 508N, and departed the Port of Napier, New Zealand.

30. On or about May 5, 2015, the container was discharged from the Spirit of Singapore and delivered to the designated receiver.

31. Upon delivery, it was discovered that the apples had sustained physical damage, due to the temperature abuse, which is indicative of Maersk's failure to maintain proper temperatures and proper controlled atmosphere conditions within the container during the voyage.

32. The temperature recorder printouts from the container are as follows:

Serial #2741416821 – stowed near the nose of the container:  Temperatures mostly fluctuated are 32.5 to 35.2° F, with several quick temperature spikes below 0.0° F.

Serial #2741416822 – stowed near the tail of the container:  Temperatures are mostly around 35° F, with several temperature spikes around 33° F.

33. As a result of Maersk's failure to maintain proper temperatures within the container during the voyage, the apples (cargo) were found to have sustained physical damage and were unable to be sold at market value.

34. The damage to the apples (cargo) was not the result of any act or omission of Plaintiff, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation, and bailment on the part of Maersk or its agents.

35. At all relevant times a contract of insurance for property damage was in effect between Plaintiffs and Gründemann & Wilde Versicherungsmakler Marine-Insurance-Consulting GmbH, as agent for Carl Schröter GmbH & Co., which provided coverage for, among other things, loss or damage to the consignment.

36. Under the contract of insurance, monies have been expended on behalf of Plaintiffs, to their detriment, due to the damages sustained during transit.

37. Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although demanded, which are estimated to be at least $46,194.37, exclusive of interest, costs, and attorneys' fees.

38. Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $46,194.37, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

### FOURTH CAUSE OF ACTION
### (Claim #12-541)

39. On or about April 16, 2015, a consignment consisting of 54 export bins of fresh Honeycrisp apples, then being in good order and condition, was laden into refrigerated container MNBU0127236 and was delivered to Maersk or its agents at the Port of Napier, New Zealand, for transportation to the Port of Philadelphia, Pennsylvania, in consideration of an agreed upon freight,

and in consideration of Maersk maintaining a supply air temperature of 2˚C (approximately 35.6˚ F), at all times, all pursuant to bill of lading MAEU953493601.

40. Container MNBU0127236 was loaded aboard the Josephine Maersk V., voyage 521N, and then transloaded aboard the Spirit of Melbourne V., voyage 511N, and departed the Port of Napier, New Zealand.

41. On or about May 26, 2015, the container was discharged from the Spirit of Melbourne and delivered to the designated receiver.

42. Upon delivery, it was discovered that the apples had sustained physical damage, due to the temperature abuse, which is indicative of Maersk's failure to maintain proper temperatures and proper controlled atmosphere conditions within the container during the voyage.

43. The temperature recorder printouts from the container are as follows:

Serial #2741417607 – stowed near the nose of the container: Temperatures mostly around 1.3 to 1.9˚ C with several higher and lower temperature spikes around 0.5 to 2.6˚ C.

Serial #2741417616 – stowed near the tail of the container: This recorder shows temperatures around 2.8˚ C and increasing throughout transit to be around 5 to 5.7˚ C.

44. As a result of Maersk's failure to maintain proper temperatures within the container during the voyage, the apples (cargo) were found to have sustained physical damage and were unable to be sold at market value.

45. The damage to the apples (cargo) was not the result of any act or omission of Plaintiff, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation, and bailment on the part of Maersk or its agents.

46. At all relevant times a contract of insurance for property damage was in effect between Plaintiffs and Gründemann & Wilde Versicherungsmakler Marine-Insurance-Consulting

GmbH, as agent for Carl Schröter GmbH & Co., which provided coverage for, among other things, loss or damage to the consignment.

47. Under the contract of insurance, monies have been expended on behalf of Plaintiffs, to their detriment, due to the damages sustained during transit.

48. Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although demanded, which are estimated to be at least $54,016.56, exclusive of interest, costs, and attorneys' fees.

49. Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $54,016.56, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

### FIFTH CAUSE OF ACTION
### (Claim #12-609)

50. On or about April 22, 2015, a consignment consisting of 54 export bins of fresh Honeycrisp apples, then being in good order and condition, was laden into refrigerated container MSWU0046287 and was delivered to Maersk or its agents at the Port of Napier, New Zealand, for transportation to the Port of Philadelphia, Pennsylvania, in consideration of an agreed upon freight, and in consideration of Maersk maintaining a supply air temperature of 2°C (approximately 35.6° F), at all times, all pursuant to bill of lading MAEU953594743.

51. Container MSWU00462876 was loaded aboard the Maersk Jaun V., voyage 522N, and then transloaded aboard the Maersk Batur V., voyage 512N, and departed the Port of Napier, New Zealand.

52. On or about June 3, 2015, the container was discharged from the Maersk Batur and delivered to the designated receiver.

53. Upon delivery, it was discovered that the apples had sustained physical damage, due to the temperature abuse, which is indicative of Maersk's failure to maintain proper temperatures and proper controlled atmosphere conditions within the container during the voyage.

54. The temperature recorder printouts from the container are as follows:

Serial #2741417629 – stowed near the nose of the container: This recorder shows temperatures in the beginning mostly fluctuating from about 0.5 to 2.4° C. Temperatures after transshipment, decrease and fluctuate mostly around -0.3 to 1.5° C.

Serial #2741417631 – stowed near the tail of the container: This recorder shows temperatures mostly fluctuating from about 1.8 to 3.3° C.

55. As a result of Maersk's failure to maintain proper temperatures within the container during the voyage, the apples (cargo) were found to have sustained physical damage and were unable to be sold at market value.

56. The damage to the apples (cargo) was not the result of any act or omission of Plaintiff, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation, and bailment on the part of Maersk or its agents.

57. At all relevant times a contract of insurance for property damage was in effect between Plaintiffs and Gründemann & Wilde Versicherungsmakler Marine-Insurance-Consulting GmbH, as agent for Carl Schröter GmbH & Co., which provided coverage for, among other things, loss or damage to the consignment.

58. Under the contract of insurance, monies have been expended on behalf of Plaintiffs, to their detriment, due to the damages sustained during transit.

59.     Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although demanded, which are estimated to be at least $64,939.28, exclusive of interest, costs, and attorneys' fees.

60.     Plaintiffs have retained the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firm a reasonable fee for its services.

*FOR THESE REASONS*, Plaintiffs seek entry of a judgment in favor of Plaintiffs and against Maersk for the amount of Plaintiffs' damages of at least $64,939.28, together with interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

Dated:  April 29, 2016

>                    By:  /s/ Lawrence H. Meuers
>                         Lawrence H. Meuers (LM3461)
>                         Bar No. 4521837
>                         **MEUERS LAW FIRM. P.L.**
>                         5395 Park Central Court
>                         Naples, Florida   34109
>                         Telephone:  (239) 513-9191
>                         Facsimile:  (239) 513-9677
>                         lmeuers@meuerslawfirm.com
>
>                         Attorneys for Plaintiffs,
>                         New York Apple Sales, Inc. and
>                         Waipopo Orchards Ltd.